UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROSALIND HOLMES,<br>    Plaintiff, | Case No. 1:25-cv-938<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| WARREN COUNTY JOBS AND<br>FAMILY SERVICES<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Rosalind Holmes filed a complaint on December 16, 2025 alleging that defendant Warren County Jobs and Family Services (WCJFS) failed to expedite her application for Supplemental Nutrition Assistance Program (SNAP) benefits in violation of various federal and state laws. (Doc. 5). This matter is before the Court on plaintiff's motion for a temporary restraining order (TRO) and preliminary injunction (Doc. 6), defendant's response memorandum (Doc. 10), and plaintiff's reply memorandum (Doc. 14).

The facts as pertain to the motion for TRO and preliminary injunction are as follows. Ms. Holmes submitted her SNAP benefits application to WCJFS on October 1, 2025 and requested expedited processing. (Doc. 5 at PageID 82; Doc. 10-1 at PageID 112). WCJFS notified Ms. Holmes that her application was not eligible for expedited processing due to sanctions previously issued against her on October 31, 2024. (Doc. 10 at PageID 106; Doc. 10-1 at PageID 113). Ms. Holmes' application was initially denied and sanctions issued pursuant to Ohio Admin. Code §§ 5101:4-2-03(D)(6)[1] and 5101:4-3-13(C)(1)[2]. (Doc. 6 at PageID 49; Doc.

---

[1] "No member of an assistance group who is otherwise eligible to participate in the supplemental nutrition assistance program (SNAP) shall be eligible to participate as a member of that or any other assistance group during any period during which the individual is determined to be a fleeing felon or a probation or parole violator. . . ." Ohio Admin. Code § 5101:4-2-03(D)(6).

[2] "An ABAWD [able bodied adult without dependents] is not eligible to participate in SNAP as a member of any assistance group when the ABAWD has received benefits for three countable months during any thirty-six-month period." Ohio Admin. Code § 5101:4-3-13(C)(1).

14 at PageID 192-193; Doc. 10-1 at PageID 113). Defendant WCJFS states that it received additional information on November 10, 2025, which led to its decision to remove the § 5101:4-2-03(D)(6) sanction, and it encouraged Ms. Holmes to reapply for SNAP benefits. (Doc. 10-1 at PageID 114). Ms. Holmes reapplied for SNAP benefits on November 10, 2025. (Doc. 10-1 at PageID 114). On November 21, 2025, WCJFS approved her for SNAP benefits beginning in November 2025 and continuing for six months. (*Id.*).

In her complaint and motion, Ms. Holmes alleges that "WCJFS has failed to process October expedited SNAP benefits within the mandatory statutory timeframe." (Doc. 5 at PAGEID 81). Based on those allegations, Ms. Holmes argues that emergency relief is warranted because she is "disabled, homeless, without income, and currently exposed to freezing winter conditions without adequate food or clothing." (*Id.*). Ms. Holmes now seeks a Court order compelling WCJFS to (1) remove all sanctions immediately; (2) accept her medical verification; (3) process her SNAP application as "expedited for the month of October"; and (4) issue retroactive October 2025 SNAP benefits. (Doc. 6 at PageID 48). Ms. Holmes also requests an expedited preliminary injunction hearing. (*Id.*).

WCJFS argues that plaintiff cannot demonstrate she will suffer irreparable harm because (1) she still has access to an administrative remedy; (2) she was denied benefits only for October 2025; and (3) she is seeking purely monetary relief in the form of retroactive payment of the denied October 2025 SNAP benefits. (Doc. 10 at PageID 109-110).

As a preliminary matter, the Court notes that WCJFS has accepted the medical verification submitted by Ms. Holmes with her November 10, 2025 application and removed the previously imposed sanctions. (Doc. 10 at PageID 110). Further, Ms. Holmes was approved for

2

SNAP benefits beginning in November 2025. (Doc. 10-1 at PageID 114).[3] Accordingly, this Report and Recommendation addresses only plaintiff's request for processing and retroactive issuance of the October 2025 SNAP benefits.

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

> 1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
>
> 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
>
> 3. Whether an injunction will cause others to suffer substantial harm; and
>
> 4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49

---

[3] The evidence showing the removal of sanctions and subsequent approval of Ms. Holmes' second SNAP benefits application are set forth in an affidavit of James Ryan, Deputy Director of WCJFS. (Doc. 10-1). Ms. Holmes did not present any argument or evidence in her motion or reply memorandum to rebut these facts. (Docs. 6, 14).

(6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

This same four-factor analysis applies to a motion for a TRO. *See Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). However, a TRO may issue only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
>
> (B) the movant's attorney[4] certifies in writing any efforts made to give notice *and* the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

Ms. Holmes submitted a sworn declaration dated December 14, 2025 stating, "Since October 2025, [WCJFS] has failed to issue my [SNAP] benefits. . . ." (Doc. 6 at PageID 52, ¶ 3). However, WCJFS attached a copy of the notice dated and mailed to Ms. Holmes on November 24, 2025, advising her that her SNAP benefits application had been approved as of November 12, 2025. (Doc. 10-1 at PageID 125, Ex. B). Additionally, the notice states that her first payment was already deposited into her Ohio Direction Card Account and that she will continue to receive payments so long as she is eligible. (*Id.*).

---

[4] "Although on its face, Rule 65(b)(1) applies to attorneys only, courts have interpreted this requirement as applying to a *pro se* litigant who seeks a TRO." *Bushner v. Kerner*, No. 2:24-cv-1861, 2024 WL 3413251, at *2 (S.D. Ohio July 15, 2024).

4

Plaintiff has not met her burden to show that she will suffer irreparable harm absent the injunction. *Overstreet*, 305 F.3d at 573. "To establish that they will face irreparable harm in the absence of injunctive relief, [p]laintiffs must show that they are at risk of suffering some harm that 'is not fully compensable by monetary damages.'" *Int'l Union of Painters & Allied Trades Dist. Council No. 6 v. Smith,* 148 F.4th 365, 371 (6th Cir. 2025) (quoting *Overstreet*, 305 F.3d at 578). Within the disability-benefits context, in cases involving significant delays, the Sixth Circuit has cautioned that the possibility of eventually receiving "full retroactive benefits does not require the conclusion that [a plaintiff's] injury is not irreparable." *Day v. Shalala,* 23 F.3d 1052, 1059-60 (6th Cir. 1994) (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 428 (1988) (where disabled plaintiffs "suffer[ed] months of delay in receiving the income on which one has depended for the very necessities of life.")).

However, the circumstances here do not involve significant delays or a complete denial of SNAP benefits. Ms. Holmes submitted her initial application on October 1, 2025, and a subsequent application on November 10, 2025. (Doc. 10 at PageID 106). Her second application was approved on November 12, 2025, resulting in an approximate one-month delay in processing, and she is currently receiving SNAP benefits. (*Id.*). *See Spain v. Comm'r of Soc. Sec.*, No. 25-cv-5101, 2025 WL 2879980, at *2 (E.D.N.Y. Oct. 9, 2025) (finding no irreparable harm where plaintiff sought "immediate 'Lump-Sum' monetary award for retroactive benefits" and had not yet exhausted his administrative remedies).

Ms. Holmes has failed to establish that she will suffer irreparable harm, and she has an adequate remedy at law to immediately appeal the denial of the October 2025 benefits. (Doc. 10-1 at PageID 116-123, describing the process for appeal).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion (Doc. 6) and request for expedited preliminary injunction hearing be **DENIED**.

Date: 1/9/2026

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSALIND HOLMES,  
    Plaintiff,

vs.

WARREN COUNTY JOBS AND
FAMILY SERVICES
    Defendant.

Case No. 1:25-cv-938
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).